**49D03-1903-CT-011906**

Marion Superior Court, Civil Division 3

Filed: 3/25/2019 11:43 AM
Clerk
Marion County, Indiana

| | | |
|---|---|---|
| STATE OF INDIANA | ) | IN THE MARION COUNTY SUPERIOR COURT |
| | ) SS: | |
| COUNTY OF MARION | ) | CAUSE NO. |

SUSANA FICKLIN & CHARLES FICKLIN,

      Plaintiffs,

vs.

HARRIS & HARRIS, LTD.,

      Defendant.

## SUMMONS FOR COMPLAINT

TO DEFENDANT: JENNIFER KALAS, ATTORNEY AT LAW
AGENT FOR SERVICE OF PROCESS FOR HARRIS & HARRIS LTD.
HINSHAW & CULBERTSON, 322 INDPLS BLVD., SUITE 201
SCHERERVILLE, IN 46375
SERVICE BY CERTIFIED MAIL

You are hereby notified that you have been sued by the person names as Plaintiff and in the Court indicated above.

The nature of the suit against you is stated in the Complaint which is attached to this Summons. It also states the relief sought or the demand made against you by the Plaintiff.

An answer or other appropriate response in writing to the Complaint must be filed either by you or your attorney within twenty (20) days, commencing the day after you receive this Summons, [or twenty-three (23) days if this Summons was received by mail), or a judgment by default may be rendered against you for the relief demanded by Plaintiff.

If you have a claim for relief against the Plaintiff arising from the same transaction or occurrence, you must assert it in your written answer.

3/25/2019
Date

_Myla A. Eldridge_
Clerk, Marion County Superior Court

Richard B. Gonon, 8431-49
Attorney at Law, LLC
9465 Counselors Row
Suite 200
Indianapolis, Indiana 46204
Telephone No. (317) 805-4816
Attorney for Plaintiff

The following manner of service of Summons is hereby designated:

SERVICE BY CERTIFIED MAIL

**Exhibit A**

**49D03-1903-CT-011906**

Marion Superior Court, Civil Division 3

Filed: 3/25/2019 11:43 AM
Clerk
Marion County, Indiana

| | | |
|---|---|---|
| STATE OF INDIANA | ) | IN THE MARION COUNTY SUPERIOR COURT |
| | ) SS: | |
| COUNTY OF MARION | ) | CAUSE NO. |

| | |
|---|---|
| SUSANA FICKLIN & CHARLES FICKLIN, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| HARRIS & HARRIS, LTD., | ) |
| | ) |
| Defendant. | ) |

**COMPLAINT FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT AND THE INDIANA DECEPTIVE CONSUMER SALES ACT AND A REQUEST FOR A TRIAL BY JURY**

Plaintiffs, by counsel, and for their Complaint against the Defendant, state as follows:

**Parties**

1. The Plaintiffs, Susana Ficklin, ("SF"), & Charles Ficklin, ("CF"), are husband and wife and reside in Indianapolis, Marion County, Indiana.

2. Harris & Harris, Ltd., ("HH"), is a debt collector as defined by section 1692a of the Fair Debt Collection Practices Act, 15 USC § 1692 et seq, ("FDCPA"), because HH through its employees regularly attempts to collect delinquent consumer debts, including delinquent consumer debts in Indiana, and was acting as a debt collector as to the alleged debt HH attempted to collect from SK & CK.. Moreover, said HH is also a supplier and therefore a debt collector as that term is defined and or used within the Indiana Deceptive Consumer Sales Act, Ind. Code § 24-5-0.5 et seq, ("IDCSA").

**Factual Background**

3. In or about January, 2019, CF received a telephone call from an employee of HH, a debt collector whose name is presently unknown. Said debt collector, in the course and scope of his employment, engaged in unlawful third party disclosure by making an oral demand upon CF to promptly pay in full a debt for various hospital bills allegedly incurred by SF.

**Exhibit A**

4. CF told this debt collector that he is unaware of any such debt, that it is not his responsibility and also instructed this debt collector to not communicate with him again.

5. On the following day, however, in total and reckless disregard of CF's previous directives, CF received another telephone call from a debt collector also employed at HH. This debt collector also engaged in unlawful third party disclosure by again making an oral demand upon CF to promptly pay in full a debt for various hospital bills allegedly incurred by SF. At that time, however, CF reiterated what he had told the debt collector the day before, and again demanded that HH and its employees cease and desist from communicating with him. Upon information and belief however, this pattern of conduct did not stop, but rather HH continued to annoy, harass and falsely attempt to collect the above alleged debt from him.

6. CF is a senior citizen that is permanently disabled and HH's conduct was extremely disconcerting because it exacerbated CF's tenuous physical and emotional circumstances. Furthermore, HH's aforementioned unlawful third party disclosure infringed upon SF's right to privacy and her rights under the FDCPA.

## COUNTS ARISING UNDER THE FDCPA

### COUNT 1
### VIOLATION OF SECTION 1692d(5)

7. CF realleges and incorporates by reference paragraphs 1 through 6 inclusive as if more fully stated herein.

8. Section 1692d of the FDCPA promulgates that a debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Moreover, subsection (5) states that the above section is violated when a debt collector causes a telephone to ring or engages any person in telephone conversation repeatedly or continuously with the intent to annoy, abuse, or harass any person at the called number.

**Exhibit A**

9. HH violated the above when its debt collectors and telephone representatives continued to attempt collection of the aforementioned debt against CF after being notified by CF to cease and desist from communicating with him.

10. As a result of the above, CF has been harmed and has suffered damages by HH's unlawful debt collection activity.

WHEREFORE, the Plaintiff, Charles Ficklin, prays for a Judgment against the Defendant for actual damages, statutory damages, attorney fees, costs, and for all other just and proper relief.

## COUNT II
## VIOLATION OF SECTION 1692e

11. CF realleges, and incorporates by reference paragraphs 1 through 10 inclusive, as if more fully stated herein.

12. Section 1692e of the FDCPA promulgates that a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Moreover, subsection (2)(A) states that the above section is violated if a debt collector makes a false representation of the character, legal status or amount of any debt.

13. HH violated the above when its debt collectors and telephone representatives engaged in unlawful debt collection efforts against CF by attempting to collect from him unpaid hospital bills that were allegedly incurred by SF. At that juncture, HH knew or should have known that it was not CF's legal responsibility to remit payment for any balance due and owing for hospital bills that were allegedly incurred by SF. Such conduct is clearly tantamount to false, deceptive and misleading means in connection with the above.

WHEREFORE, the Plaintiff, Charles Ficklin, prays for a Judgment against the Defendant for actual damages, statutory damages, attorney fees, costs and for all other just and proper relief.

**Exhibit A**

## COUNT III
## VIOLATION OF SECTION 1692g(a)

14. CF realleges paragraphs 1 through 13, inclusive, as if more fully stated herein.

15. Section 1692g(a) of the FDCPA promulgates that a debt collector must do the following:

(a) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing...
(1) the amount of the debt;
(2) the name of the creditor to whom the debt is owed;
(3) a statement that unless the consumer, within thirty days after receipt of the notice,

disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by

the debt collector;

(4) a statement that if the consumer notifies the debt collector in writing within the thirty day period of the debt, or any portion thereof is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
(5) a statement that, upon the consumer's written request within the thirty day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

16. HH's initial communication to CF, in connection with the collection of SF's alleged debt

for various hospital bills, took place on a telephone conversation in or about January, 2019. Within

five days thereafter, however, HH failed to provide to CF the statutorily required written notice

under 1692g(a) above. As a result, HH's conduct is a violation of the above.

WHEREFORE, the Plaintiff, Charles Ficklin, prays for a Judgment for actual damages,

statutory damages, attorney fees, costs, and for all other just and proper relief.

## COUNT IV
## VIOLATION OF SECTION 1692c

17. SF realleges paragraphs 1 through 16, inclusive, as if more fully stated here.

18. Subsection (b) of the above states that except as provided in section 1692b of this title, without

the prior consent of the consumer given directly to the debt collector, or the express consent of a court

of competent jurisdiction, or as reasonably necessary to effectuate a post judgment judicial remedy, a

Exhibit A

debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.

19. HH violated the above when its debt collectors and telephone representatives telephoned SF's residence and without legal justification, engaged in wrongful third party disclosure to CF by discussing with him on a few occasions, a debt for various hospital bills allegedly incurred by SF. Moreover, such conduct by HH was a clearly an infringement on SF's right to privacy and has caused her, inter alia, emotional strife.

WHEREFORE, the Plaintiff, Susana Ficklin, prays for a Judgment against the Defendant for actual damages, statutory damages, attorney fees, costs, and all other just and proper relief.

## COUNT ARISING UNDER THE INDIANA DECEPTIVE CONSUMER SALES ACT

### COUNT V
### VIOLATIONS OF I.C. 24-5-0.5-3(a) and (b)(20)

20. SF & CF, reallege Paragraphs 1 through 19, inclusive, and incorporate them by reference as if more fully stated herein.

21. Sections 24-5-0.5-3(a) and 24.5-0.5-3(b)(20) of the IDCSA state in pertinent part the following:

"A supplier may not commit an unfair, abusive, or deceptive act, omission, or practice in connection with a consumer transaction. Such an act, omission, or practice by a supplier is a violation of this chapter whether it occurs before, during, or after the transaction. An act, omission, or practice prohibited by this section includes both implicit and explicit misrepresentations."

"Without limiting the scope of subsection (a), the following acts, and the following representations as to the subject matter of a consumer transaction, made orally, in writing, or by electronic communication, by a supplier are deceptive acts: The violation by a supplier of the federal Fair Debt Collection Practices Act, including any rules or regulations issued under the federal Fair Debt Collection Practices Act."

22. For the reasons stated above, HH has engaged in conduct that constitutes unfair, abusive and deceptive practices that were also clearly willful and incurable in nature, as these terms are more fully defined, described and or contemplated under the IDCPA. In addition, such conduct violates the FDCPA.

**Exhibit A**

23. As a result, pursuant to I.C. § 24-5-0.5-4,(a)(1)(2) the above is clearly actionable by consumers such as SF and CF, and therefore subjects HH to the remedies and penalties thereunder, including three times the actual damages suffered by SF and CF.

WHEREFORE, the Plaintiffs, Susana Ficklin and Charles Ficklin, pray for a Judgment against the Defendant, for actual damages, enhanced damages of up to three times their actual damages, for attorney fees, costs, and all other just and proper relief.

Respectfully submitted,

Richard B. Gonon, LLC

/s/ Richard B. Gonon
Richard B. Gonon, 8431-49
Attorney for Plaintiffs

## JURY DEMAND

Pursuant to Trial Rule 38, the Plaintiffs request a trial by jury in this Cause.

/s/ Richard B. Gonon
Attorney for Plaintiffs

Richard B. Gonon
Attorney at Law, LLC
9465 Counselors Row
Suite 200
Indianapolis, IN 46240
(317) 805-4816 (O)
(317) 993-3136 (F)
rgonon@aol.com

**Exhibit A**

**49D03-1903-CT-011906**

Marion Superior Court, Civil Division 3

Filed: 3/25/2019 11:43 AM
Clerk
Marion County, Indiana

| STATE OF INDIANA | ) | IN THE MARION COUNTY SUPERIOR COURT |
|---|---|---|
| | ) SS: | |
| COUNTY OF MARION | ) | CAUSE NO. |

SUSANA FICKLIN & CHARLES FICKLIN.,        )
                                          )
    Plaintiffs,                             )
                                          )
    vs.                                    )
                                          )
HARRIS & HARRIS, LTD.,                    )
                                          )
    Defendant.                             )

## APPEARANCE BY ATTORNEY IN CIVIL CASE

**This Appearance Form must be filed on behalf of every party in a civil case.**

1. The party on whose behalf this form is being filed is **Initiating,** and the undersigned attorney listed on this form now appears in this case for the following parties:

   Plaintiffs, Susana Ficklin & Charles Ficklin

2. Attorney information for service as required by Trial Rule 5(B)(2):

   Richard B. Gonon, 8431-49
   Attorney at Law, LLC
   9465 Counselors Row
   Suite 200
   Indianapolis, Indiana 46240
   Phone: 317-805-4816
   Fax: 317-993-3136
   Email Address: rgonon@aol.com

   **IMPORTANT:** Each attorney specified on this Appearance:

   (a) Certifies that the contact information listed for him on the Indiana Supreme Court Roll of Attorneys is current and accurate as of the date of this Appearance;

   (b) Acknowledges that all orders, opinions, and notices from the court in this matter that are served under Trial Rule 86(G) will be sent to the to the attorneys at the email addresses specified by the attorney on the Roll of Attorneys regardless of the contact information listed above for the attorney; and

   (b) Understands that he/she is solely responsible for keeping his/her Roll of attorneys contact information current and accurate, see Ind. Admis. Disc. R. 2(A).

**Exhibit A**

Attorneys can review and update their Roll of Attorneys contact information on the Courts Portal at http://portal.courts.in.gov.

3. This is n/a case type as defined in Administrative Rule 8(b)(3).

4. This case involves child support issues.  Yes__  No _x_

5. There are related cases: Yes__ No _x_

6. Additional information required by local rule:

   _____

7. There are other party member: Yes: __ No _x_

8. I will accept service by FAX:  No.

9. I will accept service by E-MAIL at the above noted address:  Yes

10. This form has been serves on all other parties and Certificate of Service is attached:

                                Respectfully submitted,

                                Richard B. Gonon, LLC

                                /s/ Richard B. Gonon
                                Richard B. Gonon, 8431-49
                                Attorney for Plaintiffs

**Exhibit A**